NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
KOLBER PROPERTIES, LLC,             :
                                    :
    Plaintiff,                      :  Civil Action No. 13-0293 (JAP)
                                    :
    v.                              :  **OPINION**
                                    :
DAVID EVAN,                         :
                                    :
    Defendant.                      :
_____ :

PISANO, District Judge.

    This is an action brought by Plaintiff Kolber Properties, LLC ("Plaintiff" or "Kolber Properties") against Defendant David Evan ("Defendant" or "Evan"). Plaintiff's Complaint alleges that Defendant is liable for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment in connection with a loan to a partnership to purchase and sell real estate. Presently before the Court is Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the Alternative, To Stay Litigation (dkt. entry no. 6). Plaintiff opposes the motion. The Court decides these matters without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court finds that Plaintiff has stated a claim. Accordingly, Defendant's Motion to Dismiss shall be denied.

**I.**    **Background**

    The following allegations are summarized from the Complaint, and must be taken as true in deciding this Motion to Dismiss. In May 2005, George Kolber ("Kolber"), Steven Ambrogio ("Ambrogio") and Defendant Evan (collectively, the "Partners") entered into a partnership to

purchase three condominiums in Biloxi, Mississippi (the "Properties"). The Partners each contributed $89,494.86 to the partnership, which would be used to partially fund the purchase of the Properties. They also entered into a Partnership Agreement, which governed the terms of their business arrangement.

Pursuant to the terms of the Partnership Agreement, the Partners agreed to share profits from the operation and/or sale of the Properties according to terms set forth in the agreement. The Partners also agreed to appoint Kolber Properties, a separate entity, to be their agent for purposes of acquiring and holding title to the Properties. Kolber Properties would advance approximately $1.1 million to fund the remaining purchase price for the Properties, with such loan secured by a security interest in each of the Properties. Each of the Partners would then be responsible for repaying one-third of the $1.1 million loan plus interest over a three-year period. The Partnership Agreements sets forth the specific repayment terms for the loan. Kolber Properties is not a signatory to the Partnership Agreement.

The Partnership Agreement contains an arbitration clause, which governs the rights and obligations of the Partners in the event of a dispute arising under the agreement. Specifically, Paragraph 10 of the Partnership Agreement provides that:

> The Partners agree that any dispute, claim, or controversy concerning this Agreement or the termination of this Agreement, or any dispute, claim or controversy arising out of or relating to any interpretation, construction, performance or breach of this Agreement, shall be settled by arbitration to be held in the State of New Jersey in accordance with the rules then in effect of the American Arbitration Association.

Def. Ex. A at ¶ 10. The following paragraph, entitled "Governing Law," provides that the agreement "WILL BE GOVERNED BY THE LAWS OF THE STATE OF NEW JERSEY WITHOUT REGARD FOR CONFLICTS OF LAWS PRINCIPLES." *See* Def. Ex. A at ¶ 11 (capitalization in original). It further states that:

> EACH PARTNER HEREBY EXPRESSLY CONSENTS TO THE PERSONAL JURISDICTION OF THE STATE AND FEDERAL COURTS LOCATED IN THE STATE OF NEW JERSEY FOR ANY LAWSUIT FILED THERE AGAINST ANY PARTY TO THIS AGREEMENT BY ANY OTHER PARTY TO THIS AGREEMENT OR ANY MATTER ARISING FROM OR RELATING TO THIS AGREEMENT

*Id.* (capitalization in original).

In summer 2005, Kolber Properties entered into purchase agreements for the three Properties. The Properties closed at different times in August 2007 and in each instance, Kolber Properties assumed possession and title to the condominiums at their respective closings. Ultimately, Kolber Properties advanced $1,094,098 to the partnership to acquire the Properties. In September 2007, Kolber Properties began issuing monthly interest statements to each of the Partners reflecting interest accruing from the advance. Kolber Properties also requested that each of the Partners, including Defendant, repay their respective one-third of the total principal and interest due from the loan. From September 2007 through October 2012, Defendant made monthly interest payments to Kolber Properties, but did not make any attempt to repay the principal. Kolber Properties claims that Defendant now owes more $364,700 for his one-third share of the loan. It commenced this action on January 15, 2013, seeking damages due to Defendant's alleged failure to repay his share of the advance.[1]

Defendant moves to dismiss Plaintiff's Complaint, or in the alternative, to stay the proceeding and compel arbitration of Plaintiff's claims because, he argues, Plaintiff is bound by the terms of the Partnership Agreement, particularly the arbitration clause. Plaintiff does not dispute that the Partnership Agreement contains a valid and enforceable arbitration clause, but argues that it is not a signatory to the Partnership Agreement and therefore cannot be bound by

---

[1] In the years following the purchase of the Properties, the real estate market in Mississippi declined and the market value of the Properties decreased significantly. In May 2012, the Partners agreed to attempt to sell the Properties and listed them for sale. To date, they have not sold the Properties.

its terms.  It further contends that the language of the Partnership Agreement, particularly paragraphs 10 and 11, is ambiguous and does not clearly waive Kolber Properties' right to sue.  While Defendant concedes that Kolber Properties is not a signatory to the Partnership Agreement, he contends that Kolber Properties can nonetheless be bound as an agent or third-party beneficiary.  He also argues that Kolber Properties should be estopped from challenging the arbitration clause.  The Court addresses these arguments below.

## II.	Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  In deciding a Motion to Dismiss, courts must first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  All reasonable inferences must be made in the Plaintiff's favor.  *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994).

In 2007, the Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6).  *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007).  The *Twombly* Court stated that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Id.* at 555 (internal citations omitted); *see also Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir. 2007).  More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Generally, the Court's task in assessing a motion to dismiss requires it to disregard any material beyond the pleadings. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). A district court may, however, consider the factual allegations within other documents, including those described or identified in the Complaint and matters of public record, if the plaintiff's claims are based upon those documents. *See id.* at 1426; *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (the Court can properly consider the "complaint, exhibits attached to the complaint, matters of public record, as well as indisputably authentic documents if the complainant's claims are based upon these documents."). Accordingly, in resolving this motion, the Court shall consider the Partnership Agreement entered into by Defendant, Ambrogio, and Kolber.[2] This Agreement addresses the relationship between the Partners from which this action arose and is integral to the allegations pleaded in the Complaint. Therefore, the Court relies on this document in deciding the Motion to Dismiss.

### III.     Legal Discussion

It is well-settled that there is a strong federal policy in favor of resolving disputes through arbitration. *See Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99, 104 (3d Cir. 2000). Thus, if a partnership agreement contains an arbitration clause, there is a presumption in favor of arbitration that is rebutted only "with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *E.M. Diagnostic Sys., Inc. v. Local 169*, 812 F.2d 91, 95 (3d Cir. 1987) (citations and internal quotations omitted). In the face of a broad arbitration clause, and where there are no "express provision[s] excluding a particular

---

[2] Defendant attached the Partnership Agreement to his Motion to Dismiss. Plaintiff does not dispute the authenticity of the document and, indeed, references it in its Opposition brief.

grievance from arbitration, . . . only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *Id*. at 95 (citations omitted). Yet, because arbitration is a matter of contract, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Id*. at 94 (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)); *see also Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 526 (3d Cir. 2009) (same).

Because arbitration is a creature of contract law, when asked to enforce an arbitration clause against a non-signatory to the contract, the Court must ask "whether he or she is bound by that agreement under traditional principles of contract and agency law." *Bel-Ray Co. Inc. v. Chemrite (Pty) Ltd., et al.*, 181 F.3d 435, 444 (3d Cir. 1999). Here, there is no dispute that the Partnership Agreement contains a valid and enforceable arbitration clause, which requires all disputes between the Partners arising out of the Partnership Agreement to be submitted to binding arbitration in New Jersey. Nor is there any dispute that Kolber Properties is not a signatory to the Partnership Agreement. Accordingly, the only remaining issue is whether Kolber Properties can be bound by the arbitration clause as an agent or third party beneficiary or under principles of estoppel.[3] As discussed below, the Court finds that Kolber Properties is not subject to the arbitration clause in the Partnership Agreement.

Defendant maintains that Kolber Properties is the "shared agent" of the Partners who are signatories to the Partnership Agreement and therefore, under principles of agency law, Kolber Properties is bound by the arbitration clause. Even assuming Kolber Properties is an agent of the Partners, however, does not mean that Kolber Properties is obligated to arbitrate his claims. The

---

[3] "Each of [Defendant]'s theories for binding [Plaintiff] to the arbitration clause, i.e., third party beneficiary, agency/principal, and equitable estoppel, is a recognized principle of contract or agency law applicable in the arbitration context." *E.I. Dupont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S.*, 269 F.3d 187, 195 (3d Cir. 2001).

Third Circuit has established that the only way an agent can be bound by the agreements of its principal "is if [it] is made a party to the contract by [its] principal acting on [its] behalf with actual, implied, or apparent authority." *Bel-Ray Co.*, 181 F.3d at 445; *see also Bouriez v. Carnegie Mellon Univ.*, 359 F.3d 292, 294-95 (3d Cir. 2004) (same).  Here, the record is completely devoid of evidence that Defendant, Kolber, or Ambrogio was acting with implied, actual or apparent authority for Kolber Properties when he entered into the Partnership Agreement.  The mere fact that the Partnership Agreement designated Kolber Properties as its "agent" for purposes of lending money and holding title to the properties is insufficient to establish that any of the Partners had the authority to waive Kolber Properties' right to sue.  *See Bel-Ray Co.*, 181 F.3d at 445 (finding that non-signatory officers and directors were not bound by an arbitration clause in an agreement signed by the employer corporation).  Consequently, the Court finds that Defendant's attempt to bind Kolber Properties on agency principles fails.[4]

Next, Defendant asserts that Kolber Properties can be bound by the arbitration clause because it was a third party beneficiary of the Partnership Agreement.  A non-signatory will only be bound by an arbitration clause in a contract if it is an *intended* third party beneficiary of such contract.  *See E.I. Dupont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S.*, 269 F.3d 187, 195 (3d Cir. 2001).  To be an intended third party beneficiary, it is not enough that the contract confer a benefit upon the third party; conferring such benefit must "be a material part of the contract's purpose." *Id.* (citing *Guardian Constr. Co. v. Tetra Tech Richardson, Inc.*, 583 A.2d 1378, 1386 (1990)).  "[I]f it was not the promisee's intention to confer direct benefits on a third party, but rather such third party happens to benefit from the

---

[4] The case upon which Defendant relies – *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith*, 7 F.3d 1110 (3d Cir. 1993) is inapposite here because that case addressed whether a signatory to an arbitration agreement could be compelled to arbitrate claims it had against the agents of the other party to the agreement, not whether an agent who did not agree to arbitrate can be compelled to arbitrate its personal claims on the basis of a commitment made by the principals it serves.

performance of the promise either coincidentally or indirectly, then the third party will have no enforceable rights under the contract." *Id.* In this case, the record establishes that the purpose of the Partnership Agreement was to govern the terms of the relationship between the Partners, *not* to benefit Kolber Properties. Any incidental benefit that Kolber Properties received from lending money to the Partners to purchase the Properties "was not a direct or intended result of the [Partnership] agreement itself." *Villano v. TD Bank*, 2012 U.S. Dist. LEXIS 123013, at *23 (D.N.J. 2012) (non-signatory lender was not bound to arbitrate as a third party beneficiary of a distributorship agreement because any benefit received by the lender was not a direct result of the agreement). Therefore, the Court finds that Kolber Properties is not an intended third party beneficiary of the Partnership Agreement and is not bound by the arbitration clause.

Finally, Defendant argues that Kolber Properties is equitably estopped from avoiding the arbitration clause in the Partnership Agreement. A party may be equitably estopped from challenging an agreement that includes an arbitration clause "when that [entity] embraces the agreement and directly benefits from it." *Bouriez*, 359 F.3d at 295. Here, there is no evidence to indicate that Kolber Properties directly benefited from the Partnership Agreement. Rather, the facts show that Kolber Properties became affiliated with the Partners for the purpose of lending money for the purchase of the Properties and holding title to the Properties on behalf of the Partners. There is no evidence that any benefit that would accrue from the purchase/sale of the Properties would go to Kolber Properties directly. Indeed, Kolber Properties was required to distribute all profits from the project to the Partners in accordance with the terms of the Partnership Agreement. The fact that the terms of the arrangement between the Partners and Kolber Properties are discussed in the Partnership Agreement is insufficient to establish that Kolber Properties was a direct beneficiary of the agreement for estoppel purposes. *See id.*

(finding that an investor did not directly benefit from a separate contract to which he was not a party simply because that contract set forth the terms of the project he was investing in). Accordingly, the Court finds that Kolber Properties is not estopped from avoiding the arbitration clause in the Partnership Agreement.

Because the Court finds that Kolber Properties is not bound by the arbitration clause in the Partnership Agreement, it need not address the parties' remaining arguments and declines to do so at this time.

## IV.    Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss will be denied. An appropriate Order follows.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: June 18, 2013