**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| _____ | : | |
| KOLBER PROPERTIES, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 13-293 (JAP) (TJB) |
| | : | |
| DAVID EVAN, | : | **OPINION** |
| | : | |
| Defendant. | : | |
| _____ | : | |

PISANO, District Judge.

This is an action brought by Plaintiff Kolber Properties, LLC ("Plaintiff" or "Kolber Properties") against Defendant David Evan ("Defendant" or "Evan"). Plaintiff's Complaint alleges that Defendant is liable for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment in connection with a loan to a partnership to purchase and sell real estate. Defendant has filed counterclaims alleging that Plaintiff is liable for breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, and prima facie tort, and requesting an equitable accounting and rescission. Presently before the Court is Plaintiff's Motion to Dismiss Defendant's Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 19]. Defendant has opposed this motion, and filed a Cross-Motion to Dismiss Counts One and Two of Plaintiff's Complaint in the alternative. The Court decides these matters without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant Plaintiff's Motion, and deny Defendant's Cross-Motion.

## I.    Background and Procedural History

As the Court has already recounted the facts of this case in its Motion to Dismiss Opinion (the "Opinion") dated June 18, 2013 [ECF No. 14], the Court will only recount relevant facts as to this motion.  In May 2005, George Kolber ("Kolber"), Steven Ambrogio ("Ambrogio"), and Defendant (together, the "Partners") entered into a partnership to purchase three condominiums in Biloxi, Mississippi (the "Properties").  The Partners each contributed $89,494.86 to the partnership, which would be used to partially fund the purchase of the Properties.  The Partners also entered into a Partnership Agreement, which governed the terms of their business arrangement.  Kolber Properties is not a party to this Partnership Agreement.

Pursuant to the terms of the Partnership Agreement, the Partners agreed to share profits from the operation and/or sale of the Properties according to terms set forth in the agreement. The Partners agreed to appoint Plaintiff Kolber Properties, a separate entity, to be their agent for purposes of acquiring and holding title to the Properties.  Kolber Properties extended a loan to the Partnership in the amount of approximately $1.1 million to acquire the Properties in 2007. Kolber Properties was to distribute any profits realized from the Properties to the Partners.  In return, the Partners each agreed to repay one-third of the principal loan to Kolber Properties plus interest within three years of the loan.  The specific repayment terms for the loan are set forth in the Partnership Agreement.

In September 2007, Kolber Properties began issuing monthly interest statements to each of the Partners reflecting interest accruing from the advance.  Kolber Properties also requested that each of the three Partners repay their respective one-third of the total principal and interest due from the loan.  Defendant made monthly interest payments to Kolber Properties from September 2007 through October 2012 but did not make any attempt to repay principal and has

not made any more payments. Kolber Properties alleges that Defendant now owes more than $364,700 for his one-third share of the loan.

On January 15, 2013, Plaintiff commenced this action, seeking damages due to Defendant's alleged failure to repay his share of the advance. On March 6, 2013, Defendant moved to dismiss the Plaintiff's Complaint, arguing that Plaintiff Kolber Properties was bound by the terms of the Partnership Agreement, particularly the arbitration clause. This Court denied that motion on June 18, 2013, holding that Kolber Properties was not a party to the Partnership Agreement and was not therefore bound by the terms of the Agreement. [*See* Opinion, ECF No. 16]. Thereafter, Defendant filed his Answer, Affirmative Defenses, and Counterclaims on July 2, 2013. Plaintiff now moves to dismiss these counterclaims, essentially on the basis that this Court has already ruled that it is not a party to the Partnership Agreement through which Defendant bases most of its counterclaims. Defendant opposes this motion, and alternatively moves to dismiss Counts One and Two of the Complaint if the motion is granted. Defendant bases this cross-motion on the premise that "[e]ither Plaintiff is a party to the Agreement, and Defendant has every right to assert contractual claims against Plaintiff based upon Plaintiff's material breach of the terms of the Agreement, or Plaintiff is *not* a party to the Agreement and Defendant's cross-motion…must be granted." Opp. Br. at 4.

## II.     Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." When reviewing a motion to dismiss, courts must first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

All reasonable inferences must be made in the Plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010).

In order to survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). When assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Any legal conclusions are "not entitled to the assumption of truth" by a reviewing court. *Id*. at 679. Rather, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.; *see also Fowler*, 578 F.3d at 210 (explaining that "a complaint must do more than allege a plaintiff's entitlement to relief").

III. <u>Legal Discussion</u>

In his Counterclaim, Defendant has brought six claims against Plaintiff, alleging various state law claims. The Court will address each of these claims below.

First, turning to Counts One and Two of the Counterclaim, Defendant brings claims for breach of contract and breach of the covenant of good faith and fair dealing based upon Kolber Properties' alleged failure to issue a note as required under the Partnership Agreement. These claims must fail because, as this Court has already held, Kolber Properties is neither a party to the Partnership Agreement nor otherwise bound to the Partnership Agreement by "traditional

principles of contract and agency law." *Bel Ray Co. Inc. v. Chemrite (Pty) Ltd., et al.*, 181 F.3d 435, 444 (3d Cir. 1999); *see also* Opinion at 6-9. Consequently, Counts One and Two, which allege that Plaintiff has breached the Partnership Agreement, are meritless. Furthermore, because Counts One and Two of Plaintiff's Complaint is premised on a loan agreement between the Partners and Plaintiff, and not the Partnership Agreement upon which Defendant's Counterclaim is based, Defendant's Cross-Motion to Dismiss is denied.

Next, in Count Three, Defendant alleges that Plaintiff has breached its fiduciary duty to him by engaging in self-dealing when it "fail[ed] to conduct itself in an honest and forthright manner with respect to the nature of the obligations and rights and responsibilities set forth in the Agreement." Countercl. ¶ 27. Defendant's claim, however, suffers from a fatal flaw: it fails to allege the existence of a cognizable fiduciary relationship between Plaintiff and himself. "A claim of breach of fiduciary duty obviously requires the existence of a fiduciary duty between the parties." *Kronfeld v. First Jersey Nat'l Bank*, 638 F. Supp. 1454, 1467 (D.N.J. 1986). In his crossclaim, Defendant alleges that Plaintiff owed a fiduciary duty to Plaintiff as a party to the Agreement because New Jersey law recognizes the existence of such a duty between co-partners in a business transaction. Kolber Properties, however, was not a party to the Partnership Agreement and not a co-partner of Defendant. *See* Opinion at 6-9. Therefore, Plaintiff's attempt to assert a fiduciary relationship predicated on this basis is insufficient.

Defendant tries to solve this problem by alleging that Plaintiff owed him a fiduciary duty because Plaintiff was its agent. *See* Opp. Br. at 8. As an initial matter, because this allegation is notably missing from Defendant's Counterclaim and only raised for the first time in Defendant's Opposition, it cannot appropriately form the basis of any of his claims nor be considered by a court in determining the sufficiency of a party's counterclaims under Rule 12(b)(6). *See, e.g.*,

*Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007) ("[W]e do not consider after-the-fact allegations in determining the sufficiency of [a party's] complaint. . . ."); *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)). Regardless, even if this Court could consider this argument, it fails. The facts alleged by both parties show that the relationship that existed between Defendant and Kolber Properties is most akin to that of a borrow-lender. *See, e.g.*, Compl. ¶¶ 16-18, 22, 24, 26; Countercl. ¶¶ 7, 10, 11. New Jersey courts have "universally embraced" the presumption that there is no fiduciary duty between a borrower and a lender. *Santone-Galayda v. Wachovia Mortg., FSB*, Civil Action No. 10-1065, 2010 U.S. Dist. LEXIS 135496, at *47 (D.N.J. Dec. 22, 2010) (citing *Margulies v. Chase Manhattan Mortgage Corp.*, 2005 N.J. Super. Unpub. LEXIS 383, at *8-10 (App. Div. Nov. 7, 2005); *United Jersey Bank v. Kensey*, 306 N.J. Super. 540, 552 (App. Div. 1997); *Globe Motor Car Co. v. First Fidelity Bank, N.A.,* 273 N.J. Super. 388, 393 (Law Div. 1993)). Here, Defendant has alleged no facts sufficient to overcome the "heavy presumption that a lender-borrower arrangement is not ordinarily a special relationship subject to a fiduciary duty." *Id.* at *48. In fact, as noted, there is not a single allegation by Defendant that Plaintiff was acting as the Partners' agent with respect to the loan. Therefore, because Defendant has failed to allege any fiduciary duty owed to him by the Plaintiff, Count Three must be dismissed.

In Count Four of his Counterclaim, Defendant attempts to bring a claim for prima facie tort. Plaintiff contends that Count Four should be dismissed for failure to meet the pleading standard set forth in *Twombly*, 550 U.S. 544. This Court agrees. Count Four does not plead facts sufficient to raise the right to relief above a speculative level. Rather, Count Four contains

no factual allegations identifying what intentional or malicious conduct Plaintiff engaged in, nor specifies how this conduct damaged Defendant. Defendant merely asserts that Plaintiff's "improper actions" caused him damages, but this is not more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Therefore, Count Four of Defendant's Counterclaim will be dismissed.[1]

Defendant's request for an equitable accounting in Count Five of his Counterclaim must also be dismissed. An accounting may be appropriate when three elements are present: (1) the existence of a fiduciary or a trust relation; (2) the complicated nature or character of the account; and (3) the need for discovery. *See Transtech Indus., Inc. v. Certain Underwriters at Lloyds London*, No. A-2604-07T2, 2009 N.J. Super. Unpub. LEXIS 3167, at *4-6 (Super. Ct. App. Div. July 21, 2009). As discussed, Defendant has failed to allege any facts sufficient to show a fiduciary relationship existed between Plaintiff and himself. Without the existence of such a relationship, Defendant's claim for an equitable accounting must fail.

Finally, in Count Six, Defendant seeks the equitable remedy of rescission. "Where a mistake of both parties at the time a contract was made as to a basic assumption on which the contract was made has a material effect on the agreed exchange of performances," a contract may be rescinded by the adversely affected party "unless he bears the risk of mistake." *Bonnco Petrol, Inc. v. Epstein*, 115 N.J. 599, 608 (1989) (quoting Restatement (Second) of Contracts §152(1) (1979) [hereinafter, the "Restatement"]). Consequently, a rescission may occur if three conditions are met: "First, the mistake must relate to a basic assumption on which the contract

---

[1] It is also notable that, under New Jersey law, prima facie torts are designed to redress those "intentional, willful and malicious harms that fall within the gaps of the law and…have been most frequently permitted only in the limited situations in which plaintiffs would have no other causes of action." *Richard A. Pulaski Constr. Co. v. Air Frame Hangars, Inc.*, 195 N.J. 457, 469 (2008) (internal quotations omitted). It can only proceed if it passes the "threshold requirement" of having no other, established cause of action available to the pleading party. *Id.* at 470. Therefore, when attempting to bring such a prima facie tort claim, it is particularly important to provide fair notice of the factual basis for the tort so the claim can be appropriately evaluated to ensure that it passes the "threshold requirement" of providing a cause of action where no other one exists.

was made. Second, the party seeking avoidance must show that the mistake has a material effect on the agreed exchange of performances. Third, the mistake must not be one as to which the party seeking relief bears the risk." Restatement § 152(a).

Under Rule 9(b), when a party alleges mistake, the party must state with particularity the circumstances constituting mistake. "Rule 9(b) exists to insure adequate notice so that defendants can intelligently respond." *Ill. Nat'l Ins. Co. v. Wyndham Worldwide Operations, Inc.*, 653 F.3d 225, 232-233 (3d Cir. 2011) (citing *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 414 n.2 (3d Cir. 2003)). In its Counterclaim, Defendant vaguely alleges that the "same erroneous assumptions as to the material terms, rights and obligations relevant to their shared venture" were shared by both parties, and that these "shared erroneous assumptions were material to the agreed exchange of performance," and that the parties were not aware of these erroneous assumptions and therefore "the agreement between the parties should be rescinded." Countercl. ¶¶ 33-36. A review of the Counterclaim fails to show any factual allegations that support these legal conclusions. For example, a reading of the Counterclaim gives absolutely no notice to what "erroneous assumptions" were shared by both parties. Consequently, these allegations would fail to meet the requirements of Rule 8(a), nevertheless the higher standard required under Rule 9(b), which demands that a party "specifically allege[] the mistake and remedy being sought." *Ill. Nat'l Ins. Co.*, 653 F.3d at 233. For that reason alone, Count Six must be dismissed.

Defendant, however, once again attempts to improperly amend his Counterclaim by asserting new factual allegations in his Opposition. Even if the Court were to consider these allegations, Defendant's claim for an equitable rescission would still fail. Defendant appears to allege that, when the Partners entered into the Partnership Agreement in May 2005, their basic

assumption was that the Properties would be quickly resold at a profit, but that the subsequent unexpected occurrence of Hurricane Katrina, in August 2005, dramatically changed the market conditions. Once again, this allegation relates at best to a fact assumed by the Partners when they entered into their Partnership Agreement. The occurrence and effect of Hurricane Katrina cannot form the basis of mutual mistake shared by Plaintiff and Defendant when they entered into their loan agreement almost two years later. Furthermore, even if Plaintiff and Defendant did share a mutual mistake as to their shared expectations regarding their resale of the Properties, Defendant, as an investor, assumed the risk that the market conditions would change and Defendant could suffer a loss. *See* Restatement §§ 152(1), 154; *see also Beachcomber Coins, Inc. v. Boskett*, 166 N.J. Super. 442, 446 (App. Div. 1979) ("It is well established that a party to a contract can assume the risk of being mistaken as to the value of the thing sold. . . .Where the parties know that there is doubt in regard to a certain matter and contract on that assumption, the contract is not rendered voidable because one is disappointed in the hope that the facts accord with his wishes. The risk of the existence of the doubtful fact is then assumed as one of the elements of the bargain.") (internal quotation and citation omitted). Plaintiff cannot have an agreement rescinded simply because the investment did not turn out to be profitable. Therefore Count Six of Defendant's Counterclaim is dismissed.

## IV.    Conclusion

For the reasons stated above, Plaintiff's Motion to Dismiss is granted and Defendant's Cross-Motion to Dismiss is denied. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: February 11, 2014